Filed 10/25/23  P. v. Huerta CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVID HUERTA,<br><br>    Defendant and Appellant. | D081054<br><br><br><br>(Super. Ct. No. SCD189649) |

APPEAL from an order of the Superior Court of San Diego County, Michael S. Groch, Judge.  Reversed with directions.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION[1]

David Huerta appeals from an order denying his petition for resentencing of a 2015 second degree murder conviction under Penal Code section 1172.6.[2] The People concede the trial court erred by denying Huerta relief at the prima facie stage without appointing counsel or allowing briefing. We accept the concession.

During a gang-related brawl between Huerta and his companions on the one hand, and J.H. and his companions on the other, J.H. was stabbed 29 times and died. A jury found Huerta guilty of second degree murder (§ 187, subd. (a)) and assault with a deadly weapon (§ 245, subd. (a)(1)). The jury acquitted Huerta of first degree murder (§ 187, subd. (a)). The trial court sentenced Huerta to a three-year state prison term for the assault conviction, plus a consecutive term of 15 years to life on the second degree murder conviction. On direct appeal, we affirmed the judgment. (*People v. Huerta* (Feb. 15, 2017, D069552) [nonpub. opn.].)

On July 20, 2022, Huerta filed a form petition for resentencing under section 1172.6 as a self-represented litigant. He checked the box requesting appointment of counsel. The trial court denied the petition—without appointing counsel, without any briefing, and without a hearing—stating: "Petitioner was the actual killer and was convicted under that theory. Since

---

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2] All further statutory references are to the Penal Code. Huerta brought his petition under former section 1170.95, which was amended effective January 1, 2022, and then renumbered as section 1172.6 without substantive change on June 30, 2022. (See Stats. 2022, ch. 58, § 10, (Assem. Bill No. 200).) We will refer to the statute by its current number.

he was not convicted under a felony murder theory, Penal Code section 1170.95 offers no relief, and the Petition is denied."

Huerta contends the trial court erred by finding him ineligible for relief at the prima facie stage without counsel, briefing, or a hearing. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*) [section 1172.6 petitioner is entitled to counsel upon the filing of a facially sufficient petition, and only after appointment of counsel and opportunity for briefing may the court consider record of conviction to determine whether petitioner made a prima facie showing].) Based on the jury instructions given—including the instructions on natural and probable consequences (CALCRIM No. 403), first or second degree murder with malice aforethought (CALCRIM No. 520), and first degree murder (CALCRIM No. 521)—Huerta reasons it is possible the jury convicted him of second degree murder based on the natural and probable consequences doctrine and contends there is nothing in the record of conviction that conclusively shows he was the actual killer. He thus contends had he been appointed counsel and the matter properly briefed, it is reasonably probable that the court would not have denied his petition at the prima facie stage. (*Lewis*, at pp. 957–958 [the deprivation of the right to counsel is state law error tested for prejudice under *People v. Watson* (1956) 46 Cal.2d 818].)

The Attorney General concedes the error and that it was prejudicial. The Attorney General agrees with Huerta there is nothing in the record of conviction establishing that Huerta was ineligible for relief as a matter of law. We accept the Attorney General's concession as proper and remand the matter for appointment of counsel and further proceedings in accordance with section 1172.6.

## DISPOSITION

The order denying Huerta's section 1172.6 petition is reversed and the matter remanded. The trial court is directed to appoint counsel for Huerta and thereafter proceed as required by section 1172.6, subdivisions (c) and (d)).

DO, J.

WE CONCUR:


DATO, Acting P. J.


BUCHANAN, J.